**THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| ELLIS POLLARD | ) |
| 4205 RUSSELL AVENUE | ) |
| MOUNT RAINER MD 20712 | ) |
| | )  CA |
| Vs | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) |
| A MUNICIPAL CORPORATION | ) |
| 441 4TH Street, NW | ) |
| Washington DC 20001 | ) |
| | ) |
| SERVE: MAYOR OF DISTRICT OF COLUMIBA C/O | ) |
| DISTRICT OF COLUMBIA | ) |
| 1350 PENNSYLVANIA AVENUE, NW | ) |
| WASHINGTON, DC 20004 | ) |
| & | ) |
| OFFICE OF ATTORNEY GENERAL C/O | ) |
| DISTRICT OF COLUMBIA | ) |
| 441 4TH STREET, NW | ) |
| WASHINGTON, DC 20001 | ) |

**COMPLAINT**

1. Jurisdiction of this court is based on DC Code & Title VII of the Civil Rights Act of 1964 and DC Code 2.1402.11, Section 102 & 103 of the Civil Rights Act of 1991,

2. Ellis Pollard is an adult citizen of Maryland and an employee of the District of Columbia Fire Department (hereinafter the District). He is also of the Muslim

faith and has been since 2012. The Muslim religion is a bonafide faith and is an organized religion recognized in the United States and several other countries. The plaintiff's employer and superiors of said employment are aware of the Plaintiff's religious belief.

3. The District of Columbia is a municipal corporation authorized to do business and doing business as a dc municipality at all times relevant thereto. The defendant District operates an emergency and fire services in the District of Columbia at all times relevant thereto and has over 5,000 employees. The plaintiff resides in the State of Maryland and the Defendant is in the District of Columbia municipal corporation as previously noted.

4. The District is responsible for the conduct of its employee within the scope of its employment under the doctrine of respondeat superior. The District has duty to control the work and conduct of the employee herein and did so exercise such control of the employees herein. All said employees herein were acting within the scope of their employment as supervisor for the District at all times relevant hereto.

5. The District hired the plaintiff on October 2003 as a cadet fire fighter. Thereafter, the plaintiff was a probationary fire fighter in 2004. The plaintiff thereafter became a technician for the District, which means that he drives the Fire Trucks. He was originally assigned to Engine 2 but was thereafter assigned to Engine 30 then moved to Engine 22. The plaintiff originally filed an EEOC complaint against the District in 2012, when they denied him the right to wear his beard, the kufi which is round flat circular light head wear and pants above his ankle. For religious reasons, Devout Muslim wear their

pants about the ankles so as not to get dirt so that they are fit for offering namaz. The Kufi symbolizes them as religious people or patriarch of the family. Muslims men wear beards because they consider it an article of faith to follow the ways and lifestyle of the prophets, who wore beards. None of the aforementioned religious practices (hereinafter religious uniform) pose a hardship on the defendant or threaten the safety of the plaintiff or anyone else.

6. The plaintiff typed up a special report asking for an accommodation due to religion reasons to wear his religious uniform, namely, the kufi, and the pants above his ankle as specified above. The District refused to accommodate the plaintiff although it did not pose a hardship on them. The plaintiff was thereafter placed on charges by the District on August 22,2012 for failure to comply with its policy. They asserted that the same posed a safety harm. The plaintiff was thereafter denied the accommodation as requested in his special report by the District. Accordingly, he filed an EEOC complaint. After this, his prayer rug which he had at work was thrown away on September 8, 2014. Prior thereto, on August 2014, his face mask, gloves, hood and go bag was stolen from him while at work. The EEO thereafter in its 2015 decision found that the District had discriminated against the plaintiff when they denied him the right to wear his religious uniform.

7. The plaintiff and the District also signed a settlement agreement regarding this issue with respect to the pants. A little over two years after the agreement and ruling Lieutenant Lorentz who is the officer assigned to Engine 22-2 began to harass the plaintiff daily about the Kufi and Pants, namely he

would make comments about it being in violation of the District's safety policies. Lieutenant Lorentz complained and told him to remove his uniform daily during the month of August 2017. He knew or should have known about the plaintiff's religious belief. Lieutenant Lorentz also expressed concerns to the plaintiff about him being permitted to take the fit test with his beard. He knew or should have known that the plaintiff should have been permitted reasonable accommodations to wear his uniform and that the same did not pose any hardship on the District. The District knew that the plaintiff is a Muslim as the plaintiff had told them. The District refused to allow the accommodations because of the plaintiff's religious beliefs being in conflict with the employer's general requirement. After Lieutenant Lorentz constantly complained and pressured the plaintiff to remove his religious uniform, the plaintiff contacted Kim McDaniel the EEO personnel person on August 10, 2017 regarding the complaints by his superior regarding is Kufi, beard and pants above the ankle. Ms. McDaniel's said she would look in to the same. Another officer Wiggins told the plaintiff that his beard, kufi and pants were out of compliance in July 2018.This officer was acting within the scope of his employment at all times relevant thereto. He knew or should have known about the plaintiff's religious belief as the plaintiff informed the district about his Muslim faith and had sought accommodations for the same. In addition, the District knew about the same as another gentleman by the name of Hasan Umrani had previously sued the District for failure to accommodate him for wearing his kufi and beard for Muslim religious purposes and he won the law

suit against the District, See. **No1-CV-01189 Potter v District of Columbia.**

8. Thereafter, the plaintiff took his fit test and did not pass on the first occasion because he inadverntly picked up the wrong mask as his had been previously stolen. On the next fit test, the proctor known as Willie refused to allow the plaintiff to use the correct mask size. The proctor, Willie, thereafter demanded that the plaintiff shave his face. Although, Willie knew that the plaintiff's beard was for religious reasons. Moreover, the plaintiff is a technician who drives the fire truck. He does not go into inside of actual building when there is a fire. The plaintiff thereafter also overheard Willie say to his superiors we will get him to cut that beard off of his face, period. Not only so but the plaintiff was constantly subject to emails and Facebook photos and jokes about Muslim and pork and Muslim being affiliated with terrorism during the period of 2015 to date. The climate at the District was negative comments and jokes constantly about Muslims. This made the plaintiff's work environment hostile and uncomfortable. Although, the District's policy is that employees are prohibited from making comments that are discriminatory or derogatory on social media.

9. Upon information and belief, the District intentionally tried to cause the plaintiff to fail said fit test Immediately after his second complaint to the EEO counselor he was thereafter placed on light duty and removed from Engine 22 and placed in the property division section. Other nonmuslims who have failed the fit test were never removed from their division and are still working without passing the fit test. The district removed the plaintiff from Engine 22

in retaliation for him exercising his right to file EEOC claims and to report to supervisor about illegal conduct including but not limited to the filing of the earlier EEO complaint and the second EEO Complaint. Nonmuslim's employee have not been treated to such behavior or removed because they did not pass the fit test. There was no legitimate business reason for the districts aforementioned behavior.

10. Accordingly, the plaintiff filed the instant EEOC claim. He never received any letters from the EEOC office. He was unaware that his assigned investigator had requested any additional information or that he had been given a right to sue letter. He learned of the same in September 18, 2018 when he went on line and looked at the portal for EEOC.

11. The rights to sue letter was mailed out on August 15, 2018 but the plaintiff did not receive a copy of the same until September 18, 2018. See attached letter

12. As a result of being removed from Engine 22, the plaintiff is harmed in that he is not permitted to work overtime and has loss substantial income on or about $10,000.00

13. In addition, the plaintiff has had headaches, stomach aches, stressed out because of the district's now second time of blatantly discriminating against him because of his religious belief. The District's behavior was wanton, reckless and intention and meant to cause harm to the plaintiff and the same did cause said harm to the plaintiff.

14. As a result of the same, the plaintiff seeks twelve million dollars in damages, attorney fees, cost and any and all other relief deemed proper by this Court.

**WHEREFORE THE FOLLOWING**, the plaintiff seeks the following

Twelve million dollars in compensatory damages,

Attorney fees;

Cost;

Punitive damages in the amount of seven million dollars;

Reinstatement back to Engine 22 and

 any and all other relief deemed proper by this Court

/s/Clarissa Thomas Edwards

Clarissa T. Edwards 434607

10 G Street, NE suite 606

Washington DC 20002

PH.   202-248-5020

Email:Clarissatedwards@ctedwardspc.com

**Counsel for the Plaintiff Ellis Pollard**